IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONARD E. ROBERTSON
and GLORIA M. ROBERTSON,

       Plaintiff,                       CASE NO.:  3:08cv192-MCR-EMT

vs.

SOLUTIA, INC.,

       Defendant.
_____/

**PROTECTIVE ORDER**

      The parties have advised the Court that discovery is likely to result in the disclosure of confidential or proprietary information as to which the producing party has a legitimate interest in preventing improper use and unnecessary disclosure, and that a protective order would be appropriate.  Therefore, upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED:

1.     When used in this Order:

        a.    "Person" means any natural person, and any legal or business entity;

        b.    "Document" shall refer to the original or copies of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced.

        c.    "Party" or "Parties" shall mean and refer to any Party, Plaintiff and/or Defendant, in the above entitled action.

1476152.03

d.  "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party in the above-entitled action and paralegals, legal assistants or other employees or agents working under the direct supervision of such Attorneys;

e.  "Designating Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, "Confidential Information" and which has identified or seeks to identify such information as within the protective provisions of this Order; and

f.  "Confidential Information" shall mean or refer to any document, request for production response, interrogatory answer, or deposition testimony or exhibits, or any portion thereof designated as confidential by a Party on the basis that it constitutes:

    i.  a trade secret;

    ii.  proprietary research or development information;

    iii.  commercial, financial, marketing, customer, budgeting, and/or accounting information;

    iv.  business strategies, performance, or projections;

    v.  employee information;

    vi.  information in the possession of a party that is the subject of a confidentiality agreement;

    vii.  non-public record information related to activities of trade associations; or

       viii.    non-public record information related to dealings with federal, state, or local governmental bodies.

2.    A Party may designate any document, interrogatory answer, request for production response, deposition exhibit, deposition transcript, or response to request for admission, produced pursuant to or in connection with discovery in this matter, or any portion thereof as Confidential Information by typing, stamping or affixing on its face (in such manner as will not interfere with the legibility thereof) the word "Confidential" either prior to production or by otherwise notifying all counsel of record in writing of the designation. Any such designation shall be made not later than twenty days following production of the document for inspection.

3.    Except with prior written consent of counsel for the Party which produced such Confidential Information or with a prior Order of Court, Confidential Information and any copies thereof shall be disclosed only to qualified persons. Qualified persons are limited to:

    a.    Attorneys for the Parties, a Deponent and, as to Non-Party Deponents, the attorney for said Deponent;

    b.    Non-technical and clerical staff employed by Attorneys for the Parties in connection with the preparation for and the trial of this action;

    c.    Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

    d.  Individual Parties and Officers of and personnel employed by a Party or related to a Party, where needed for the preparation for and trial of this action, and

    e.  The Court or the trier of fact.

  Any person falling within this paragraph, other than the Court or its employees or the trier of fact, to whom disclosure is made shall, prior to receipt of such documents, sign a document in the form attached hereto acknowledging that the person has read this Order and agrees to be bound by it.  Such acknowledgments shall be retained by counsel for the Party receiving Confidential Information, and shall be furnished to counsel for the Party furnishing Confidential Information as follows.  The acknowledgment of a person within paragraph 3.c. who is designated to testify as an expert shall be furnished when the expert is deposed and for all other persons only upon order of Court.

  4.  No Confidential Information received by any Party in this lawsuit may be given to any person or entity not described in Paragraph 3.

  5.  Counsel for the Designating Party may designate a deposition transcript, deposition exhibit, or any part of a deposition transcript or exhibit, as confidential either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript or (ii) within twenty (20) days after receipt of the deposition transcript, by so notifying counsel for each other Party in writing.  During the period between the deposition testimony and the time when the twenty-day (20) period after receipt of the transcript has run, all deposition transcripts and all exhibits marked for identification therein shall be treated as confidential in the manner provided for in this Order.

6. In the event a Party disagrees with a designation of Confidential Information by a Designating Party, counsel for the objecting Party shall notify counsel for the Designating Party of such objection in writing. If the Parties are unable to resolve the dispute, the Designating Party may, within twenty (20) days of receipt of the written objection from counsel for the objecting Party, file and serve a motion with the Court seeking Court designation of the disputed material as Confidential Information. The disputed material shall remain Confidential Information until the Court has ruled on the motion. Failure to file and serve a motion as provided in this Paragraph 6 shall constitute a waiver of the designation of the disputed material as Confidential Information.

7. If Plaintiffs are served with a subpoena or other notice compelling the production of "Confidential" documents, information or other discovery materials produced in this action by Defendants, the Plaintiffs shall immediately notify Defendants in writing of such subpoena or notice. Upon receiving such notice, it is the burden of Defendants to oppose the production called for by the subpoena or notice.

8. In the event any discovery, motions, memoranda, briefs or other submissions are filed with the Court in this case which include or incorporate discovery materials designated as "Confidential," all portions thereof containing such materials shall be filed and served in sealed envelopes or other appropriate containers endorsed to the effect that they are sealed pursuant to this Protective Order by reason of their containing Confidential materials.

9. Within ninety (90) days following final termination of this action, Counsel for any Party receiving Confidential Information shall retrieve from anyone to whom he has furnished the same all materials designated as constituting or containing Confidential Information (except those materials filed with the Court). The originals and any copies

thereof shall be returned to the Party which produced such Confidential Information.  The sole exception to this requirement shall be that if the Party receiving Confidential Information is a Plaintiff herein, that Plaintiff's counsel may retain a single copy of each document containing Confidential Information for a period not to exceed the period of the statute of limitations for any action for professional negligence that might be available to any Plaintiff represented by such counsel.  Such single copies shall be maintained in sealed files in the offices of counsel for Plaintiffs, and no materials contained therein may be disclosed to anyone who has not previously been granted the right to see such or as is necessary to defend the claim of malpractice other than as required by process of a court of competent jurisdiction.  Should Plaintiffs or counsel for Plaintiffs receive such process, they will immediately notify counsel for the Party producing the Confidential Information, and will take all reasonable steps to afford the Party producing the Confidential Information the opportunity to take all steps necessary to protect its interests prior to disclosing such Confidential Information.

ENTERED this 18th day of August, 2008.


*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

I have read the Protective Order of record in Leonard E. Robertson and Gloria M. Robertson vs. Solutia, Inc., Case No.3:08cv192-MCR-EMT, in the United States District Court for the Northern District of Florida, Pensacola Division.

I agree to comply with and be bound by the provisions of the Protective Order and hereby submit myself to the jurisdiction of the United States District Court for the Northern District of Florida for the purposes of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 200\_.

_____

3