# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

LEONARD E. ROBERTSON
and GLORIA M. ROBERTSON,

    Plaintiffs,

vs.                            CASE NO.: 3:08cv192-MCR-EMT

SOLUTIA, INC.,

    Defendant.
_____/

## PROTECTIVE ORDER REGARDING PLAINTIFFS' INSPECTION
## OF CERTAIN LAND, MACHINERY, AND EQUIPMENT
## LOCATED AT 3000 CHEMSTRAND ROAD, CANTONMENT, FLORIDA

    This Protective Order applies to Plaintiffs Leonard E. Robertson and Gloria M. Robertson's ("Plaintiffs'") inspection of certain land, machinery, and equipment located at 3000 Chemstrand Road, Cantonment, Florida (the "Property") which is owned by Defendant Solutia Inc. ("Solutia").

    Upon formal request for inspection by Plaintiffs dated August 18, 2008, Solutia has agreed to allow Plaintiffs to inspect the Property provided Plaintiffs comply with certain conditions which are set forth herein. Plaintiffs have agreed to comply with the conditions set forth in this Order. In view of the foregoing, the Court hereby orders as follows:

    1.    Solutia has agreed to allow Plaintiff Leonard Robertson, Plaintiffs' counsel and paralegal and the following individuals retained by Plaintiffs to inspect the Property:

        Elizabeth Ann Paxton, Paul Paxton and Al Hagelthorn.

2. The parties have agreed to conduct the inspection on September 8, 2008, which inspection shall not exceed two hours (excluding the time required to comply with paragraph (7) herein), commencing at or about 9:00 A.M. and concluding by no later than 11:00 A.M.

3. The inspection shall not unreasonably interfere with any operations and/or activities conducted by Solutia on the Property.

4. Plaintiffs have agreed to limit their inspection to the inspecting, measuring, surveying, photographing, or video recording of the tractor; the trailer; the fifth wheel; the location where the trailer was loaded, picked up, and moved to; and the terrain over which the trailer traveled on the date of the incident (from the location where the trailer was loaded to the location where the trailer overturned). Plaintiff, Plaintiffs' counsel, and Plaintiffs' experts shall not conduct any physical testing of any kind on the Property, specifically including, but not limited to, any destructive or other testing which would result in spoliation of evidence.

5. Solutia personnel and Solutia's counsel shall accompany Plaintiff, Plaintiffs' counsel and Plaintiffs' experts at all times during the inspection of the Property, but are not obligated to answer questions regarding the Property during the inspection. Solutia personnel and Solutia's counsel shall maintain a reasonable distance from Plaintiff, Plaintiffs' counsel and Plaintiffs' experts so as not to interfere with the inspection.

6. Plaintiffs shall comply with all of Solutia's safety/security procedures with respect to visitors to the Property, including but not limited to following the safety/security instructions of the Solutia personnel shepherding the inspection.

7. Prior to entering the Property, all persons involved in the inspection shall present a valid driver's license or some other form of reliable identification (*e.g.*, a valid passport) to confirm their identity. Those involved in the inspection will be required to watch a short visitor orientation/safety video and take a brief written exam relating to the same. The time involved with watching the video and taking any test will not be counted toward the time allotted for the inspection as specified in paragraph (2).

8.   Each person involved in the inspection shall wear the requisite protective gear which shall be provided by Defendant.  Those involved in the inspection must also wear appropriate clothing which conforms to plant dress code.  The plant dress code, among other restrictions, prohibits shorts and open-toed shoes on the Property.

9.   The following restrictions shall apply to all photographs, videotape, imaging or other information obtained by Plaintiffs during their inspection of the Property (collectively, "Confidential Information"):

(a)   Plaintiffs shall not use any Confidential Information for purposes unrelated to this litigation.

(b)   Except with prior written consent of Solutia's counsel, Confidential Information and any copies thereof shall be disclosed only to qualified persons. Qualified persons are limited to:

(i)   Counsel for the parties, a deponent and, as to non-party deponents, counsel for said deponent, trial witnesses or potential trial witnesses;

(ii)   Non-technical and clerical staff employed by counsel for the parties in connection with the preparation for and the trial of this action;

(iii)   Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

(iv)   Individual parties and officers of and personnel employed by a party, where needed for the preparation for and trial of this action, and

(v)   The Court or trier of fact.

Any person falling within this paragraph other than the Court, its employees, or the trier of fact to whom disclosure is made shall, prior to receipt of Confidential Information, sign a document in the form attached hereto as Exhibit A acknowledging that the person has read this Order and agrees to be bound by it. Such acknowledgements shall be retained by counsel for the party making the disclosure.

(c) No Confidential Information received by Plaintiffs may be given to any person or entity not described in Paragraph (b) without further order by the Court or agreement between the parties.

(d) If Plaintiffs are served with a subpoena or other notice compelling the production of Confidential Information, Plaintiffs shall immediately notify Solutia in writing of such subpoena or notice. Upon receiving such notice, it is the burden of Solutia to oppose the production called for by the subpoena or notice.

(e) In the event any discovery, motions, memoranda, briefs or other submissions are filed with the Court in this case which include or incorporate Confidential Information, all portions thereof containing such materials shall be filed and served in sealed envelopes or other appropriate containers endorsed to the effect that they are sealed pursuant to this Protective Order by reason of their containing Confidential Information.

(f) Within 120 days following final termination of this action and all other similar actions brought by Plaintiffs' counsel, counsel for any party receiving Confidential Information shall either (i) retrieve from anyone to whom he has furnished the same all materials designated as constituting or containing Confidential Information (except pleadings) and return the originals and any copies thereof to Solutia's counsel, or (ii) certify in writing to Solutia's counsel that such materials have been destroyed, identifying with specificity the materials destroyed, the date on which the destruction occurred, the manner of destruction, and the person who performed the destruction. The sole exception to this requirement shall be that if the party receiving Confidential Information is a Plaintiff herein, that Plaintiff's counsel may retain a single copy of each document containing Confidential Information for a period not to exceed the period of the statute of limitations for any action for professional negligence that might be available to any Plaintiff represented by such counsel in any case against these Defendants. Such single copies shall be maintained in sealed files in the offices of counsel for Plaintiff, and no materials contained therein may be disclosed to anyone other than as required by process of a court of competent jurisdiction. Should Plaintiffs or counsel for Plaintiffs receive

such process, they will immediately notify counsel for Solutia, and will take all reasonable steps to afford Solutia the opportunity to take all steps necessary to protect its interests prior to disclosing such Confidential Information.

**SO ORDERED** this 29th day of August, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

## **EXHIBIT A**

1.  I, _____, residing at _____ have read the foregoing Protective Order Regarding Plaintiffs' Inspection of Certain Land, Machinery, and Equipment Located at 3000 Chemstrand Road, Cantonment, Florida (the "Order") in the action captioned *Leonard E. Robertson, et al. v. Solutia Inc.*, Case No. 3:08cv192-MCR-EMT, pending in the United States District Court for the Northern District of Florida (Pensacola Division). I agree to be bound by its terms with respect to any photographs, videotape, imaging or other information designated as "Confidential Information" that are furnished to me as a result of any inspection subject to the Order. I further agree to return such material to the counsel that furnished it to me to enable said counsel to comply with terms of paragraph 9 of the Order.

2.  I hereby consent to the jurisdiction of the Court in which these actions are pending with respect to any proceedings to enforce the terms of the Order against me.

3.  I hereby agree that any photographs, videotape, imaging or other information designated as "Confidential Information" that are furnished to me will be used by me only for the purposes of these actions, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____        _____
Signature                                                                    Date